

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,828-01

### EX PARTE RODNEY ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-07-07255-CR(1) IN THE 359TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of possession with intent to deliver a controlled substance and one count of aggravated assault of a public servant and sentenced to forty years' and life imprisonment, respectively. The Ninth Court of Appeals affirmed his convictions in *Anderson v. State*, No. 09-10-00061-CR (Tex.App.—Beaumont Dec. 21, 2011)(not designated for publication).

Applicant contends, among other things, that the State withheld favorable evidence from the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland,* 373 US 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide the prosecutor with the opportunity to respond to Applicant's claim that material, exculpatory evidence was improperly suppressed. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State withheld material evidence of Anderson's innocence by failing to disclose that eyewitnesses had given statements at the scene in which they were unable to identify the armed men rushing Applicant as law enforcement officers, tending to show that Applicant and his co-defendant were not aware these men were law enforcement. The trial court shall also make findings of fact and conclusions of law as to whether the State failed to disclose the State's informant's contingency fee contract. The trial court shall also make findings of fact regarding whether the prosecutor improperly suppressed evidence in this cause. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 25, 2015
Do not publish